# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4718 | **DATE** | 6/16/2004 |
| **CASE TITLE** | McRoy vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Defendant Sheahan's Motion to Dismiss Plaintiff's Amended Complaint [14-1] is granted with prejudice as to the claim against him as an individual, and is granted without prejudice as to the claim against him in his official capacity. Defendant Aramark Correction's Motion to Dismiss Plaintiff's Complaint [13-1] is granted without prejudice. Plaintiff is given leave to file a second amended complaint curing the deficiencies discussed in the attached opinion on or before 7/7/04.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUN 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/16/2004 | |
| GR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | GR mailing deputy initials | |

| | | |
|---|---|---|
| JAMES McROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 03 C 4718 |
| | ) | Magistrate Judge Geraldine Soat Brown |
| MICHAEL SHEAHAN, | ) | |
| ERNESTO VELASCO, JOHN MAUL, | ) | |
| ARAMARK CORRECTIONAL | ) | |
| SERVICES, INC. AND | ) | |
| JOHN/JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 3, 2003, Plaintiff James McRoy ("McRoy") filed a two-count amended complaint against the Sheriff of Cook County, Michael Sheahan ("Sheahan"), and the food provider at the jail, Aramark Correctional Services, Inc. ("Aramark"). [Dkt 5.] Twelve other individuals were named as defendants, Ernesto Velasco (Executive Director of Cook County Jail), John Maul (Assistant Executive Director of Cook County Jail), John/Jane Does 1-5 (employees of the Cook County Jail or the Sheriff's Department) and John/Jane Does 6-10 (employees of Aramark), but none of them have been served with process.[1]

---

[1] Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m). Because the amended complaint was filed on October 3, 2003, service is clearly untimely. If McRoy amends his complaint, consistent with this opinion, and fails to serve any defendants named in that second amended complaint in a timely manner, any claims against

1

In his amended complaint, McRoy states that: (1) he has a claim under 42 U.S.C. § 1983 because the defendants violated his rights under the Eighth Amendment of the Constitution when they served him uncooked or rotten food on two occasions and spoiled milk on one occasion; and (2) Aramark acted negligently when it served and/or failed to inspect the allegedly uncooked or rotten food and spoiled milk. (Am. Compl. ¶¶ 12-35.) Sheahan and Aramark have each moved to dismiss McRoy's claims under Federal Rule of Civil Procedure 12(b)(6).[2] [Dkt 13, 14.] For the reasons set out below, the defendants' motions are granted; however, McRoy is given leave to file a second amended complaint against Sheahan in his official capacity and against Aramark pursuant to § 1983 and to restate his negligence claim against Aramark.

## JURISDICTION

Federal jurisdiction exists under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). In this case, federal question jurisdiction is proper as to Count I because it specifically invokes 42 U.S.C. § 1983, and supplemental jurisdiction is proper as to Count II because it is a related state law claim of negligence. The parties have consented to the jurisdiction of a Magistrate Judge. [Dkt 16, 17, 18.]

## RELEVANT FACTS

The following facts, taken from McRoy's amended complaint, are assumed to be true for

---

those defendants will be dismissed without prejudice.

[2] Although Aramark has not specifically addressed the negligence claim or made any arguments as to why that claim should be dismissed, it has requested that the court dismiss McRoy's amended complaint "in its entirety." (Aramark's Mem. Supp. Mot. at 4.)

purposes of this opinion. *See Bontkowski v. First Natl. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). McRoy is and was at all relevant times incarcerated in the custody of the Cook County Department of Corrections. ("CCDOC"). (Am. Compl. ¶ 4.) On or about March 11, 2003, while he was confined in the CCDOC, McRoy was served uncooked chicken and ate a small portion of the chicken before he became aware of its uncooked state. (Am. Compl. ¶¶ 13, 14.) The next day, McRoy became ill from consuming the uncooked chicken and was ill for approximately one week. (Am. Compl. ¶ 16.) According to McRoy, he told two employees of the Cook County Sheriff's Department (John Does 2 and 3) about the uncooked chicken. (Am. Compl. ¶ 15.) McRoy further alleges that, on or about March 25, 2003, he was served a spoiled turkey sandwich and ate a portion of the sandwich before he was informed by other inmates that the sandwich was rotten. (Am. Compl. ¶¶ 17, 18.) McRoy claims that he sent a letter to John Maul, the Assistant Executive Director of the CCDOC, and filed an internal grievance regarding the spoiled sandwich. (Am. Compl. ¶¶ 19, 20.) However, McRoy has not alleged that he became ill from eating the turkey sandwich. McRoy further asserts that, on or about July 15, 2003, he was served spoiled milk and drank a good part of the milk before he realized that it was spoiled. (Am. Compl. ¶¶ 21, 22.) McRoy subsequently became ill. (Am. Compl. ¶ 24.) According to McRoy, he immediately informed an employee of the Cook County Sheriff's Department (John Doe 4) that the milk was spoiled, and he filed a grievance regarding the spoiled milk. (Am. Compl. ¶¶ 23, 25.)

## LEGAL STANDARD

When considering a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable

3

to the plaintiff. *Wilson v. Formigoni*, 42 F.3d 1060, 1062 (7th Cir. 1994); *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). Dismissal is properly granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir. 1993) (quotation omitted). "In other words, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999). McRoy's claim of deliberate indifference is not subjected to any heightened pleading standard. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). However, the plaintiff must still allege enough in his complaint to "allow the court and the defendant[s] to understand the gravamen of the plaintiff's complaint." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999) (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996)).

## DISCUSSION

1. McRoy's Claim Under 42 U.S.C. § 1983.

In order to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that some person, acting under color of state law, has deprived him of a federal right. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Sheahan and Aramark argue, for different reasons, that McRoy has failed to state a § 1983 claim. Aramark asserts that McRoy has failed to allege a constitutional violation. Sheahan argues that McRoy has failed to state a claim against Sheahan acting either in his official capacity or as an individual.

4

A.      *Allegation of a Constitutional Violation.*

Claims by pretrial detainees alleging unconstitutional conditions of confinement are governed by the Fourteenth Amendment Due Process Clause rather than the Eight Amendment's prohibition against cruel and unusual punishment.[1] *Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). *See also Drake v. Velasco*, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002). However, "[t]he standard for analyzing a pretrial detainee's Fourteenth Amendment due process claim is identical to the standard employed in evaluating a convicted inmate's Eighth Amendment claim of cruel and unusual punishment." *Id.* (quotation omitted). *See also Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1094 (7th Cir. 1986).

The Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement; they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As a contractor performing the public function of running a jail, Aramark is acting under the color of state law and is treated the same as a municipality for purposes of § 1983. *See Woodward v. Correctional Med. Servs. of Illinois, Inc.*, __ F.3d __, No. 03-3147, 2004 WL 1088310 at *12 n. 1 (7th Cir. May 17, 2004) (Evans, J.). In order to state a viable conditions-of-confinement claim, an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. *See also Summers v. Sheahan*, 883 F. Supp.

---

[1] Although McRoy does not state that he is a pretrial detainee in his amended complaint, Sheahan states that McRoy is a pretrial detainee in his memorandum of law in support of his motion to dismiss (Sheahan's Mem. Supp. Mot. at 1), and McRoy does not dispute that statement in his response.

5

1163, 1167 (N.D. Ill. 1995). Those elements have also been described as the "objective component" and the "subjective component." *Miles v. Konvalenka*, 791 F. Supp. 212, 213 (N.D. Ill. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). The objective component examines the gravity of the alleged deprivation. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). The subjective component looks at the state of mind of the prison officials alleged to have violated the plaintiff's rights with cruel and unusual punishments. *Id.*

i. *Conditions Imposing Substantial Risk of Serious Harm.*

The first inquiry is whether serving uncooked or rotten food on two occasions and spoiled milk on one occasion poses a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The Seventh Circuit has indicated that "[a] well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (quotation omitted). The Eighth Amendment is not violated so long as inmates are provided nutritionally adequate food that is prepared and served under conditions which do not present immediate danger to the health or well-being of the inmates who consume it. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Cold meal breakfasts instead of hot cereal do not implicate any constitutional rights. *Pritchett v. Page*, No. 99 C 8174, 2002 WL 1838150 at *5 (N.D. Ill. Aug. 12, 2002) (Nordberg, J.) (citing *Lunsford*, 17 F.3d at 1579). Similarly, food that "occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation" (*Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)), and cold meals served on trays with food from previous meals does not amount to a constitutional violation without an allegation that the plaintiff suffered any harm. *Vinegar v. Fairman*, No. 95 C 844, 1995 WL

6

769758 at *6 (N.D. Ill. Dec. 29, 1995) (Kocoras, J.). Even a dead mouse in an inmate's meal is only a minimal deprivation without a showing of injury. *Miles*, 791 F. Supp. at 214. In contrast, it has been found that the constant presence of contaminants rises to constitutional levels (*Pritchett v. Page*, No. 99 C 8174, 2000 WL 1129891 at *5 (N.D. Ill. Aug. 9, 2000) (Nordberg, J.)), and the provision of vermin infested food "certainly rises to the level of a constitutional infraction" (*Summers*, 883 F. Supp. at 1170; *Wysinger v. Sheahan*, No. 94 C 513, 1995 WL 407381 at *7 (N.D. Ill. July 5, 1995) (Castillo, J.)). *See also Drake*, 207 F. Supp. 2d at 812 (finding that plaintiff sufficiently alleged presence of contaminants in his food so as to constitute a constitutional deprivation).

In this case, McRoy alleges that he was served uncooked chicken and became ill for approximately one week, and that he was served and became ill from drinking spoiled milk. Those alleged deprivations are serious enough to meet the objective standard for purposes of defeating a motion to dismiss.[4]

ii. *Deliberate Indifference.*

An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

---

[4] Aramark also claims that a prisoner must suffer "serious or significant physical or mental injury" in order to be "subjected to cruel and unusual punishment" within the meaning of the Eighth Amendment, and McRoy did not allege a sufficiently serious injury. (Aramark Mem. Supp. Mot. at 2) (quoting *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993)). However, the prisoner in *White* did not allege any injury whatsoever. Here, McRoy has alleged that he became "ill" on two occasions – once from eating the uncooked chicken and once from drinking the spoiled milk. (Am. Compl. ¶¶ 16, 24.) Those allegations are sufficient to withstand a motion to dismiss.

7

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In other words, to state a claim under the Eighth Amendment, McRoy would need to allege that the defendants, including Aramark, either knew of and disregarded the fact that uncooked food and spoiled milk were being routinely served endangering the health of prisoners, or were aware of facts from which an inference could be drawn that a substantial risk of harm exists and in fact drew that inference.

In his amended complaint, McRoy alleges that the defendants acted with "deliberate indifference." (Am. Compl. ¶ 28.) McRoy also claims that he informed a number of the Sheriff's employees about the uncooked food and spoiled milk and that he filed two grievances. (Am. Compl. ¶¶ 15, 19, 20, 23, 25.) Although McRoy's amended complaint lacks any allegation that he informed Aramark or an employee of Aramark about the quality of the food or his alleged illnesses, McRoy does allege that he complained through the required administrative processes. It appears that McRoy conceivably could allege, consistent with the allegations contained in the amended complaint, that Aramark had knowledge or was put on notice of the uncooked and rotten food or spoiled milk and the endangering of prisoners' health. Accordingly, the claim against Aramark under § 1983 will be dismissed without prejudice and with leave to amend to allow McRoy to allege, if he chooses to do so, that, through his administrative grievances and complaints (and any other means that McRoy can allege), Aramark had the requisite state of mind to support a claim under § 1983. As discussed below, it must also allege a policy or practice violating McRoy's constitutional rights.

B.  *McRoy's Complaint Fails to Allege Whether He is Suing Sheahan in His Official Capacity or as an Individual.*

In his amended complaint, McRoy alleges that Sheahan "is and [was] at all times referenced hereto the Sheriff of Cook County." (Am. Compl. ¶ 5.) McRoy does not specify whether he is suing Sheahan in his individual or official capacity. Sheahan's motion addresses both an official capacity claim and an individual capacity claim, and it also raises the defense of qualified immunity, a defense that is only applicable in an individual capacity suit.[5] Although the Seventh Circuit has created a presumption that a § 1983 claim against a public official is an official capacity suit, that presumption is not conclusive. *Conner v. Reinhard*, 847 F.2d 384, 394 n. 8 (7th Cir. 1988) (citing *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir. 1985) and *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)). A court must also consider the manner in which the parties have treated the suit. *Id.* (citing *Shockley v. Jones*, 823 F.2d 1068, 1071 (7th Cir. 1987)). McRoy's response to Sheahan's motion does not clarify the issue or address Sheahan's arguments relating to an official capacity claim. In his response to Sheahan's motion, McRoy argues that Sheahan is the Sheriff of Cook County and "as such" is in charge of the operation of the Cook County Jail, although that is not alleged in the amended complaint. However, at the oral argument on the defendants' motions, McRoy's counsel indicated that his claim was against Sheahan in both his official capacity and individual capacity. In light of that unclear backdrop, McRoy's claim will be considered as against Sheahan in both his official and individual capacity.[6]

---

[5] There is no need to address that argument because, as discussed below, Sheahan's motion is granted with prejudice as to any claim against Sheahan in his individual capacity.

[6] In *Duckworth*, the Seventh Circuit urged counsel for civil rights plaintiffs that, "when they are suing a state officer in his individual capacity to say so plainly; and if in both his individual and official capacities to make that unmistakably clear, too." 780 F.2d at 650.

9

i. *Individual Capacity.*

In order to state a claim for individual liability under §1983, a plaintiff must allege that the defendant was personally involved in the deprivation of his constitutional rights. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). *See also Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (a government official may not by liable in his individual capacity unless he caused or participated in the alleged wrongdoing). Such personal responsibility exists if the conduct causing a constitutional deprivation occurred at the defendant's direction or with his knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985)). Put another way, a defendant must be aware of the conduct, somehow enable it, approve of it, or pretend it does not exist. *Hudson v. Sheahan*, No. 99 C 8109, 2000 WL 765065 at *3 (N.D. Ill. June 9, 2000) (Kocoras, J.) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Thus, "some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561 (citation omitted).

In this case, there is no affirmative link between Sheahan and the service of uncooked food or spoiled milk at the CCDOC. There is no allegation that Sheahan had any personal involvement in food service at the CCDOC, or that McRoy's constitutional injury was caused at Sheahan's direction, or with his knowledge or consent. In fact, McRoy states that Aramark is "responsible for food service" at the CCDOC. (Am. Compl. ¶ 31.) "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). Although McRoy claims that he informed John Does 2 and 3, employees of the Cook County Sheriff's Department, about the uncooked chicken, and John Doe 4, another employee of the Cook County Sheriff's Department,

10

about the spoiled milk (Am. Compl. ¶¶ 9, 23), there is no liability under § 1983 based on the doctrine of *respondeat superior*. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (citation omitted); *see also Fisher v. Sheahan*, No. 01 C 9085, 2002 WL 3107915 at *2 (N.D. Ill. Sept. 9, 2002) (Guzman, J.) (citing *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992)).

In *Antonelli v. Sheahan*, 81 F.3d 1422, 1429, 1432 (7th Cir. 1996), the court, discussing a *pro se* prisoner complaint, held that Sheriff Sheahan could be held personally liable for systematic, as opposed to localized, violations, such as the provision of "nutritionally deficient" food at the CCDOC. The court observed that the Sheriff, like the Director of the Department of Corrections, was "far from most of the day-to-day decisions that may have affected inmates." *Id.* at 1428. "However, Sheriff Sheahan and Director Fairman can be expected to know of or participate in creating systemic, as opposed to localized, situations." *Id.* at 1429. Therefore, the court stated, it was necessary to sort the claims into clearly localized and potentially systemic, dismissing the former as to the Sheriff. *Id.* In this case, however, McRoy has not alleged that the food served at the CCDOC was "nutritionally deficient" as a matter of course. Rather, he has alleged three incidents of uncooked or rotten food or spoiled milk. The court in *Antonelli* distinguished the potentially systemic claim of a "nutritionally deficient" diet from an allegation of "ransid food [sic]." *Id.* at 1432. In addition, as discussed above, McRoy has specifically plead that Aramark is "responsible for food service" at the CCDOC. (Am. Compl. ¶ 31.) Thus, Sheahan personally cannot "realistically be expected to be personally involved" in the state of the food served at the CCDOC. *Antonelli*, 81 F.3d at 1428.

Thus, the motion to dismiss the complaint as against Sheahan in his individual capacity is granted with prejudice. *See Miles*, 791 F. Supp. at 214 (dismissing §1983 action with prejudice

11

when there was "no indication that officials knew of any severe infestation problem in the prison kitchen").

### ii. Official Capacity.

A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). The State is not a "person" that can be sued under § 1983. *Will v. Michigan Dept. of St. Police*, 491 U.S. 58, 64 (1989). However, municipalities and other local subdivisions of the State are "persons" who may be sued under §1983. *Monell*, 436 U.S. at 690. Under Illinois law, sheriffs are classified as county officials, and when the sheriff "performs his duties as the principal executive officer or chief law enforcement officer of the county," he is a suable entity under § 1983. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) (citing *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992)); *Ruffino v Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000).

Because a claim against a municipality brought under § 1983 cannot survive under a theory of *respondeat superior* (*Monell*, 436 U.S. at 691; *Wolf-Lillie*, 699 F.2d at 869), a plaintiff must show that the alleged violation by the municipality resulted from policy or a practice so "permanent and well settled" that it constitutes a custom or usage of that entity. *Monell*, 436 U.S. at 691 (quotation omitted). A civil rights deprivation by way of policy can be pleaded in three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation . . .; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law . . .; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Hudson*, 2000 WL 765065 at *3 (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728,

12

734-35 (7th Cir. 1994)). The existence of an unconstitutional policy can be demonstrated by proving a sequence of bad acts which lead to the inference that the government policymakers should have known what was happening, and by virtue of their inaction, adopted the misconduct of the lower-level officers. *Jackson*, 66 F.3d at 152.

The same requirement applies to a corporate entity performing the public function of providing services in a jail.

> [A] corporate entity violates an inmate's constitutional rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." "This liability is not founded on a theory of vicarious liability or *respondeat superior* that holds a municipality responsible for the misdeeds of its employees. Rather a municipal policy or practice must be the 'direct cause' or 'moving force' behind the constitutional violation."

*Woodward*, 2004 WL 1088310 at *9 (footnote and internal citations omitted).

In this case, Sheahan correctly points out that McRoy has not expressly alleged any policy or custom as required by the *Monell* and *Baxter* decisions. However, McRoy alleges that he was served uncooked or spoiled food on two occasions and spoiled milk on one occasion over a period of four months. Applying the standards applicable to a motion to dismiss, it cannot be said that it would be impossible for McRoy to allege the policy or practice necessary to state a claim under § 1983 against Aramark or against Sheahan in his official capacity.

Accordingly, the motions to dismiss the claims under § 1983 against both Aramark and against Sheahan in his official capacity are granted; however, McRoy may file a second amended complaint by July 7, 2004 expressly articulating any claimed policy, practice or custom that resulted in an alleged constitutional violation.

2. McRoy's Negligence Claim Against Aramark.

Because McRoy's federal claims have been dismissed (although with leave to replead), this court has the discretion to address or to remand to state court the supplemental state claim of negligence. *Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998). In light of the fact that McRoy has been given leave to replead the federal claims in a second amended complaint to be filed on or before July 7, 2004, Aramark's motion to dismiss the negligence claim will be granted without prejudice. In the event that McRoy files a second amended complaint, he may include the negligence claim under the court's supplemental jurisdiction.

## CONCLUSION

For the reasons set forth above, Sheahan's motion to dismiss is granted with prejudice as to the claim against him as an individual and without prejudice as to the claim against him in his official capacity. Aramark's motion to dismiss is granted without prejudice. McRoy is granted leave to file a second amended complaint curing the deficiencies discussed in this opinion on or before July 7, 2004.

IT IS SO ORDERED.

GERALDINE SOAT BROWN
United States Magistrate Judge

DATED: June 16, 2004